Plaintiff Dudley L. Godwin, claiming wrongful discharge, alleges that he, as chief of police, was unlawfully fired by the City Council of the City of McKenzie, Alabama, without being afforded a "for cause" hearing pursuant to Code 1975, §11-43-160.
The pivotal question on appeal, as below, is Godwin's employment status with the City of McKenzie. The parties agree that the City of McKenzie has a population of less than 5,000, thus rendering §§ 11-43-180, et seq. (mandating a civil service merit system for law enforcement officers of cities whose population exceeds 5,000), inapplicable. See Chandler v. Cityof Lanett, 424 So.2d 1307 (Ala. 1982).
It is further apparent that, if Godwin was employed, appointed, or otherwise hired as chief of police, as contemplated by § 11-43-5 (whether or not that statute was literally complied with), he was accorded the status of a city official; and thus he could be discharged only after a "for cause" hearing by the City Council, as provided by § 11-43-160.
In other words, Godwin's right to a hearing, and his protection against discharge except "for cause," is dependent upon whether he was the police chief or a policeman. If his status was that of chief, he is entitled to a "for cause" hearing; if not, his status was that of an "at will" employee, and his discharge is not subject to further review. Mountain v.Collins, 430 So.2d 430 (Ala. 1983).
Because the record is unclear as to whether the trial court properly perceived this factual determination as dispositive of the legal issue presented, we remand this cause (without reversing the judgment) for a rehearing on the sole factual issue of Godwin's employment status with the City. Should the trial court determine from the evidence on remand that the terms and conditions of Godwin's employment were substantially in compliance with the appointment of a city official, as contemplated by § 11-43-5, then the trial court should remand the cause to the City Council with instructions to afford Godwin a "for cause" hearing, as mandated by § 11-43-160. Should the trial court, however, find that Godwin was not employed as chief of police, but merely as an "at will" employee, it should enter such findings of record and report the same to this Court within 56 days after the order of remand of this cause.
Without prejudice to the rights of the respective parties hereto, but as a guide to the trial court's exercise of its factfinding prerogative, we observe that a finding, on the record now before us, that Godwin was not the chief of police would be against the great weight and preponderance of the evidence.
REMANDED WITH INSTRUCTIONS.
TORBERT, C.J., and MADDOX, JONES, SHORES and BEATTY, JJ., concur.