Tony Mann appeals from a summary judgment in favor of defendant/appellee City of Tallassee. We affirm. *Page 223 
Mann was a police officer with the Tallassee police department from May 1978 until November 27, 1984. On November 26, 1984, Mann was informed that a citizen's complaint had been lodged against him individually and as a police officer, and that an investigative hearing concerning the matter was scheduled for November 28, 1984.
On November 27, 1984, the day after he was informed of the complaint, Mann tendered his resignation, which was duly accepted by the acting chief-of-police. Mann's resignation letter read as follows:
"Nov. 27, 1984 9:07 AM
 "To: Mayor, City Council, Chief of Police, I, Sgt. Tony L. Mann at this time request that you take my resignation from the Tallassee Police Dept.
 "Due to complaints made against me I feel it would be best at this time not to continue in the City's service. I'm not resignating [sic] because of of [sic] the truthfulness of the complaints, I here within say they are not. Due to personal reasons with my family I feel it would be better. I'm grateful for the knowledge and training the City allowed me to gain. And I consider it an honor to have served the people and City of Tallassee. Again Thank [sic] you."
The following deposition testimony of Mann should be noted concerning his resignation:
 "A. That and the fact of my brother had just been seated on the council and at the time my father had just got out of the hospital from having a heart attack, and plus the strain it had caused on my personal home life, I just tendered my resignation. I hadn't discussed it with anybody or anything.
 "Q. Did anybody pressure you into signing this; that is, anybody with the city?
"A. No. Just myself.
"Q. It was something you felt that you had to do?
"A. That's correct.
"Q. You did it voluntarily?
"A. That's correct."
Mann was later informed that even though he had resigned, an investigative hearing concerning the complaint would still be held as planned on November 28, 1984.
On November 28, 1984, Mann approached the mayor of Tallassee and requested that his letter of resignation be returned. The request was denied. The investigative hearing took place as scheduled. Apparently, the complaint concerned a young woman whose family had become upset, and they were alleging that Mann was driving to their house repeatedly while on duty to visit the young woman.
On December 15, 1984, a second meeting occurred to determine the outcome of the investigation. Mann was informed by the mayor of Tallassee that it would be in the best interest of Tallassee if Mann did not return to work as a police officer.
Appellant Mann filed a four-count complaint after he was informed that his letter of resignation would not be returned. The first three counts involve Code of Alabama 1975, §11-43-180 through § 11-43-190.
Sections 11-43-180 and § 11-43-190 are here quoted:
"Article 9
 "CIVIL SERVICE MERIT SYSTEMS FOR LAW ENFORCEMENT OFFICERS.
"§ 11-43-180. Purpose of article.
 "In recognition of the inefficiencies, inadequacies and inconsistencies in law enforcement programs and practices of many municipalities of this state and in recognition of the need for fair and impartial enforcement of the laws for the protection of the person and property of the people of this state and for the promotion of the public health and welfare, this article is enacted to assure that every municipality in this state shall be provided an acceptable civil service merit system governing the appointment, removal, tenure and official conduct of its law enforcement officers. (Acts 1976, No. 372, p. 471, § 1.)" *Page 224 
 "§ 11-43-190. Applicability of provisions of article.
 "(a) This article shall not apply to any municipality with an established civil service or merit system already in existence on August 23, 1976, so long as the said civil service or merit system continues in full force and effect.
 "(b) This article shall not apply to any municipality having a population of less than 5,000 according to the most recent federal decennial census. (Acts 1976, No. 372, p. 471, §§ 7, 8.)" (Emphasis added.)
Appellant Mann contends in the first three counts of his complaint that § 11-43-180 has been violated by the city's failure to have a civil service system for law enforcement officers and that such a failure violates his rights. One should note that for §§ 11-43-180 through -190 to be applicable to a particular municipality, that municipality must have a population of 5,000 persons or more. This is clearly stated in § 11-43-190(b). According to the 1980 federal decennial census, the city of Tallassee had a population of 4,763.
In 1982 the municipality of Carrville was annexed to Tallassee. It is undisputed that Carrville had a population of 820 prior to annexation.
While it is true that the population of Tallassee following the annexation of Carrville in 1982 might be over 5,000, that fact cannot help Mann, because this Court is bound to apply the plain meaning of the statute.
In Dumas Brothers Manufacturing Co. v. Southern GuarantyInsurance Co., 431 So.2d 534, 536 (Ala. 1983), this Court stated:
 "The judiciary's fundamental role, in the realm of statutory construction, is ascertaining and effectuating legislative intent. [Citations omitted.] Consequently, when the statutory pronouncement is distinct and unequivocal, there remains no room for judicial construction and the clearly expressed intent must be given effect."
(Citing Town of Loxley v. Rosinton Water, Sewer FireProtection Authority, Inc., 376 So.2d 705 (Ala. 1979).)
Also, in Godwin v. City Council of City of McKenzie,449 So.2d 1231, 1232 (Ala. 1984), this Court stated:
 "The parties agree that the City of McKenzie has a population of less than 5,000, thus rendering §§ 11-43-180, et seq. (mandating a civil service merit system for law enforcement officers of cities whose population exceeds 5,000), inapplicable."
Further, in Chandler v. City of Lanett, 424 So.2d 1307, 1309
(Ala. 1982), this Court stated:
 "It is important to note that the article does not apply to any municipality having a population of less than 5,000 people. . . . [I]t is obvious that the legislature recognized that it is not practicable or feasible that small cities and towns be required to establish and operate a civil service system that is as elaborate as the merit system of the state."
This Court has no choice but to give effect to the clear meaning of the statute. As of 1980, the date of the most recent federal decennial census, the Tallassee population was below 5,000. Therefore, §§ 11-43-180 through -190 are inapplicable to the city of Tallassee.
Furthermore, even if §§ 11-43-180 through -190 did apply to the city of Tallassee, that fact would not help Mann, because he voluntarily resigned on November 27, 1984. The civil service provisions of §§ 11-43-180 through -190 speak to tenure, removal, appointment, and official conduct. Appellant Mann resigned of his own free will, according to his deposition testimony. These sections do not speak to resignations. The closest action to resignation that § 11-43-180 speaks to is "removal," and it is clear from Mann's own deposition testimony that he resigned and was not removed. After exercising his free will to resign, Mann requested to withdraw his resignation. In this particular case, this is tantamount to requesting that he be rehired. Nowhere in these Code sections is it suggested that a police officer must be *Page 225 
rehired after he has voluntarily tendered his resignation.
In Hale v. City of Tuscaloosa, 449 So.2d 1243, 1245
(Ala. 1984), this Court stated:
 "It is true . . . that summary judgment should be granted only when, after viewing the evidence in a light most favorable to the non-moving party, it appears that there is no genuine issue of material fact, and the non-moving party cannot prevail as a matter of law; and summary judgment is improper if there is a scintilla of evidence to support the non-moving party."
(Citing Allen v. Whitehead, 423 So.2d 835 (Ala. 1982); Robertsonv. City of Tuscaloosa, 413 So.2d 1064 (Ala. 1982); Raley v.Royal Ins. Co., 386 So.2d 742 (Ala. 1980); Rule 56(c), A.R.Civ.P.)
This Court, after viewing the evidence in a light most favorable to appellant Mann, is unable to hold that the trial court erred in granting summary judgment for the city of Tallassee on the first three counts of the complaint.
The fourth count of appellant Mann's complaint alleges that his Fourteenth Amendment due process rights were violated due to the inadequacy of the city hearings. This Court finds it unnecessary to address this issue, since appellant Mann voluntarily resigned.
The judgment of the trial court is affirmed.
AFFIRMED.
JONES, ALMON, SHORES and ADAMS, JJ., concur.