The appellant, Janette E. Brown, along with her partner, Rev. Elton King, purchased a gas station from the appellees, Gary Gamble and Diane T. Gamble, and executed a promissory note secured by a mortgage to cover part of the purchase price. After making three payments on the note, Brown defaulted and the Gambles instituted foreclosure proceedings. Brown counterclaimed, charging that the sellers had made material misrepresentations concerning the business during negotiations for the sale. The trial court entered a default judgment against Brown's partner, Rev. King, and granted the Gambles' motion for summary judgment against Brown on their complaint and dismissed Brown's counterclaim.
Brown charges that two material misrepresentations were made during the negotiations. The first concerned the income potential of the business and the second related to the inclusion of a body shop along with the gas station in the sale. Although Rev. King conducted the negotiations for both himself and Brown, Brown alleges that she was influenced in her decision to buy by an income projection and appraisal provided by the Gambles.
Summary judgment should not be granted against a claim where there is presented any evidence from which an inference may be drawn in support of the claim. James v. Woolley,523 So.2d 110 (Ala. 1988); Allen v. Mobile Infirmary,413 So.2d 1051 (Ala. 1982). The original complaint in this case was filed prior to June 11, 1987, the effective date of Alabama Code 1975, § 12-21-12. Therefore, a scintilla of evidence in support of the nonmoving party is all that is necessary to deny a motion for summary judgment. Fountain v.Phillips, 404 So.2d 614 (Ala. 1981).
In her affidavit, Brown states that in her decision to buy she relied upon the income projection and appraisal provided by the Gambles. Although this point is disputed and Brown's own deposition testimony on the matter is confusing, Brown's affidavit provides the scintilla of evidence necessary to deny the Gambles' motion for summary judgment.
Therefore, since there does exist a genuine issue as to a material fact, the trial court should not have granted the Gambles' motion for summary judgment. Accordingly, the judgment is reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.