This is an appeal from a summary judgment granted in favor of the defendant Perry County Board of Education (Board).
On May 11, 1987, Jerildine Melton filed a complaint against the Board, alleging, inter alia, that the Board had failed to honor a settlement agreement stemming from a previous lawsuit. She sought compensatory and punitive damages. The Board filed a motion for summary judgment. After a hearing on the motion, the trial court granted summary judgment to the Board and entered a final judgment. Melton appealed. *Page 1342 
The dispositive issue is whether granting summary judgment in favor of the Board was proper.
Rule 56, Alabama Rules of Civil Procedure, provides that summary judgment is proper when the trial court determines that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. McMullin v.AmSouth Bank, 512 So.2d 1382 (Ala.Civ.App. 1987). The moving party bears the burden of proof. Jones v. Newton,454 So.2d 1345 (Ala. 1984). In this action, the original complaint was filed prior to June 11, 1987; therefore, the scintilla rule rather than the substantial evidence rule applies. Section12-21-12, Ala. Code 1975; Brown v. Gamble, 537 So.2d 476
(Ala. 1989). Additionally, the reviewing appellate court must apply the same standard utilized by the trial court when reviewing an entry of summary judgment. Southern Guaranty Ins.Co. v. First Alabama Bank, 540 So.2d 732 (Ala. 1989).
Melton contends that summary judgment was improper because the Board failed to present sufficient evidence to support its motion for summary judgment.
The purpose of the motion for summary judgment is to test the sufficiency of the evidence to determine whether there exists any real issue to be tried. Once the moving party has met its burden, the nonmoving party must set forth sufficient facts showing a genuine issue for trial. The nonmoving party may not rest on the pleadings. Failure to controvert the evidence presented by the moving party leaves the trial court with no alternative but to consider the evidence uncontroverted and grant the summary judgment. Garrigan v. Hinton Beef ProvisionCo., 425 So.2d 1091 (Ala. 1983).
In this case, the Board's motion for summary judgment was supported by an accompanying affidavit of the superintendent of education. Attached to the affidavit were supporting documents, including the consent judgment entered in the previous lawsuit between the parties, correspondence, and a copy of the motion to withdraw filed by Melton's previous counsel. The superintendent's position was that he was familiar with Melton's complaints and had participated in efforts to resolve her complaints. He stated that he had personal knowledge of Melton's voluntary negotiations for the principalship at Marion Elementary School after accepting the assistant superintendent position. He stated that Melton accepted the principalship in settlement of all her claims and that she continues in that position.
Our review of the record reveals that Melton's only attempt to controvert the evidence presented by the Board supporting its motion was a brief she filed on August 28, 1989, the date of the motion hearing. We have no transcript of the hearing and do not know whether Melton's brief was a part of the record at that time.
The trial court, in its order dated September 1, 1989, granting the summary judgment to the Board, stated: "Plaintiff submitted no evidentiary matter and no counter-affidavits, but relied on argument of counsel and the pleadings." The trial court order specifically noted the presence of Melton and the counsel for each party at the hearing and its consideration of the arguments of counsel. The order also noted that counsel for each party indicated a desire to have the motion submitted on the record as it existed at that time.
Our review of the record reveals that the Board met the burden of establishing that no genuine issue of fact existed to be tried. No evidence controverted the evidence presented to the trial court supporting the motion for summary judgment. Accordingly, the motion for summary judgment was properly granted, and we affirm.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur. *Page 1343