THIGPEN, Judge.
This is an appeal from a summary judgment granted in favor of the Tuscaloosa City Board of Education (Board). Deborah Sommerville (appellant), a non-tenured, black school teacher in the Tuscaloosa system, filed, pro se, a complaint alleging race discrimination in the hiring practices of the Board after her teaching contract was not renewed. After she hired an attorney, the complaint was amended to make the allegations more specific and to add other related complaints. The Board’s motion for summary judgment was granted and made final. Sommerville appeals.
The dispositive issue on appeal is whether the granting of a motion for summary judgment in this discrimination case is proper.
Sommerville argues on appeal that summary judgment is not proper in her discrimination case, and that the granting of the motion for summary judgment was harmful and prejudicial to her because it denied her the right to present her version of the facts to a jury.
The law regarding summary judgment is well established. Rule 56, A.R.Civ.P., provides that summary judgment is proper when the trial court determines that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law. Further, the party moving for summary judgment has the burden of negating the existence of a genuine issue of material fact. Rule 56, A.R.Civ.P.; Melton v. Perry County *629 Board of Education, 562 So.2d 1341 (Ala.Civ.App.1990).
When a motion for summary judgment is made and supported as provided in the rule, a party adverse to such a motion may not rest upon the mere allegations or denials of the pleading, but must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e) A.R.Civ.P. Once the moving party has met its burden, the non-moving party must come forward with substantial evidence to show otherwise. § 12-21-12, Ala.Code 1975; see, Bass v. SouthTrust Bank, 538 So.2d 794 (Ala.1989). The reviewing appellate court must apply the same standard utilized by the trial court when reviewing an entry of summary judgment. Melton, supra. We must review the entire record in a light most favorable to the non-moving party. Mann v. City of Tallassee, 510 So.2d 222 (Ala.1987).
Our review of the record reveals the following pertinent facts: After having taught at Central High-West during the 1987-88 school year under a one-year contract, Sommerville’s employment contract was not renewed for the 1988-89 school year. Albert Dean Wilson, the principal of the school, who is black, had the responsibility to evaluate Sommerville’s performance as a teacher and make recommendations regarding her contract renewal or non-renewal. Based on numerous specific incidences wherein he felt that Sommerville was uncooperative, hostile, and insubordinate toward school administrators and workers, he evaluated her professional performance as unacceptable and recommended that she not be re-employed for the 1988-89 school year. At the request of the superintendent, Wilson’s recommendation was reviewed by the personnel director, who confirmed Wilson’s recommendation of non-renewal, citing several specific conflicts involving Sommerville. The superintendent also reviewed Sommerville’s personnel file with the assistant superintendent. In May 1988, the Board met in executive session to consider recommendations that four non-tenured teachers be non-renewed. Sommerville was one of those considered. The other three teachers were white. After discussion of each case individually, the Board voted not to renew the contracts of any of the four teachers. Sommerville was notified. After Sommer-ville’s completion of the school year, a white teacher was employed to fill the teaching position vacated by her.
In support of its motion for summary judgment, the Board submitted the deposition of Sommerville, interrogatories and responses, numerous affidavits, and exhibits to the deposition and affidavits. Affidavits from the Board chairman and the principal, who are black, and the superintendent and the personnel director, who are white, attest that the fact that Sommerville is black in no way influenced the actions not to renew her contract. In support of its motion, the Board presented evidence of specific incidents of Sommerville’s conduct which showed evidence of uncooperativeness, hostility, and insubordination. Further, the Board presented evidence of Som-merville’s inability to work harmoniously and cooperatively with school administrators.
In response, Sommerville submitted her own affidavit stating that she had been unlawfully discriminated against on the basis of race, and that she had given efforts to be the best teacher she could be and to work in harmony with school administrators.- She did not deny, nor attempt to justify or explain, the specific incidents presented by the Board to demonstrate evidence of uncooperativeness, hostility, and insubordination. The only proof offered by Sommerville to rebut the evidence presented by the Board was her own affidavit. She offered absolutely nothing to show that the Board’s reasons for non-renewal of her contract were pretextual or discriminatory.
Close review of the record, and particularly the order of the trial court, reveals that the trial court entered summary judgment for the Board on Sommerville’s discrimination claim after analyzing the evidence using the three-tiered burden of proof structure as set forth below:
“If plaintiff proves by a preponderance of the evidence that he or she is a member of a protected class, was qualified for the position held, and was discharged and replaced by a person outside of the *630 protected class or was discharged while a person outside of the class with equal or lesser qualifications was retained, then plaintiff has established a ‘prima facie case’ of discrimination. ‘Prima facie case’ has a specialized meaning in this context that goes beyond simply producing sufficient evidence to create a jury question; rather, this prima facie case creates a rebuttable presumption of discrimination and therefore if not rebutted requires a verdict for plaintiff.
“The nature of the rebuttal burden on the defendant, though, is merely one of production, not proof. Defendant must articulate a legitimate, nondiscriminatory reason for discharge. Once defendant meets this burden the analysis proceeds to the third stage at which the plaintiff must prove by a preponderance of the evidence either that the asserted legitimate reason is pretextual or more directly that a discriminatory reason motivated the discharge.”
Lee v. Russell County Board of Education, 684 F.2d 769, 773 (11th Cir.1982) (citations omitted).
In the instant case, even if Sommerville established a prima facie case, the Board successfully rebutted it by articulating legitimate, nondiscriminatory reasons for non-renewing Sommerville’s contract. At that point, the burden shifted and Sommer-ville completely failed to offer any evidence to raise a genuine issue of material fact regarding whether the Board discriminated against her on the basis of her race in non-renewing her contract. Accordingly, the trial court was correct to determine that the Board was entitled to a judgment as a matter of law.
In light of the above, the trial court’s decision to grant the summary judgment to the Board was proper and this case is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.