This is an appeal from a summary judgment granted in favor of The University of Alabama in Huntsville (UAH), et al. and against John Warren, who was dismissed from his position as library director.
In 1975, Warren was hired by UAH as an assistant professor and director of the library. He was awarded tenure effective September 1979. The letter informing Warren of his award of tenure was accompanied by a document entitled "Certificate of Faculty Appointment."
On May 25, 1984, Warren was notified by Elmer Anderson, Vice President for Academic Affairs, that he was to be replaced as director of the library. By letter dated July 10, 1984, Anderson terminated Warren's employment as director of the library, effective August 31, 1984. The letter further stated that Warren would be reassigned to full-time faculty duties and would continue to receive his same salary.
Warren responded to Anderson's July letter by contesting his removal and requesting that the reasons for his dismissal be stated in writing. In his response dated August 1, Anderson discussed Warren's deficiencies and offered to meet with him to discuss the matter further.
In October of that same year, Warren filed a written grievance with UAH President John Wright, seeking a review of Anderson's action removing him as director of the library on the grounds that no reason had been provided for his dismissal and that he had been denied due process.
A review committee consisting of three deans and two faculty members was formed. After four meetings gathering and reviewing materials pertaining to the case, the committee reported to President Wright on March 1, 1985, that they had *Page 1376 
concluded unanimously that Anderson's dismissal of Warren was appropriate.
Warren's request that he be given an opportunity to present his case in a hearing before President Wright was granted. On March 25, 1985, Warren and Anderson presented their arguments to President Wright who, on April 2, 1985, reaffirmed Warren's dismissal.
Thereafter, Warren filed a complaint in the Circuit Court of Madison County seeking declaratory relief, injunctive relief, and damages pursuant to 42 U.S.C. § 1983 and the Fifth andFourteenth Amendments to the United States Constitution. He also sought injunctive relief based on the Constitution of Alabama and redress for breach of contract. The defendants moved for summary judgment, which the trial court granted. Based on this ruling, Warren appeals.
The issue presented for review by this court is whether the trial court erred in granting UAH's motion for summary judgment and dismissing this action in its entirety.
The law regarding summary judgment is well established. Rule 56, A.R.Civ.P., provides that summary judgment, which tests the sufficiency of the evidence, is proper when the trial court determines that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law. Melton v. Perry County Board of Education, 562 So.2d 1341
(Ala.Civ.App. 1990). The reviewing appellate court must apply the same standard utilized by the trial court when reviewing an entry of summary judgment. Melton, supra. The party moving for summary judgment has the burden of negating the existence of a material fact. Rule 56, A.R.Civ.P.
A motion for summary judgment is properly granted when the pleading, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that the moving party is entitled to a judgment as a matter of law. Rule 56(e), A.R.Civ.P. This action was brought prior to June 11, 1987, the date on which the "substantial evidence" rule went into effect; therefore, Alabama's "scintilla" rule is applicable to this case. Code 1975, § 12-21-12. Under the scintilla rule, if there exists even a scintilla of evidence in support of the non-moving party's position, summary judgment cannot be granted against that party. Gross v. RepublicSteel Corp., 400 So.2d 383 (Ala. 1981).
We must also review the entire record in a light most favorable to the non-moving party. Mann v. City of Tallassee, 510 So.2d 222 (Ala. 1987).
In the instant case, a genuine issue of material fact exists as to whether Warren's employment was "at will." It is the opinion of this court that there is at least a scintilla of evidence that Warren could establish the existence of an employment contract other than one terminable at will, even under the exacting requirements ofHoffman-La Roche, Inc. v. Campbell, 512 So.2d 725 (Ala. 1987).
However, though Warren may, under the scintilla rule, be able to establish the existence of an employment contract other than one terminable at will, this is not his only burden: he must also show he was deprived of his right to due process. This case turns, then, on whether Warren was accorded all the rights to due process required under the Fifth and Fourteenth Amendments.
This court is mindful of the line of cases holding that if an employee can demonstrate that, under state law, he holds a property interest in his continuing employment, then he cannot be discharged without the procedural safeguards required by the federal Constitution.Cleveland Board of Education v. Loudermill, 470 U.S. 532,105 S.Ct. 1487, 84 L.Ed.2d 494 (1985); Board of Regents v. Roth,408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).
In order to satisfy the minimal due process requirements, a person must be given notice of the charges against him and be afforded a meaningful opportunity to present his case to a qualified, impartial decision maker. Johnson v. Ala. Agr. Mechanical University,481 So.2d 336 (Ala. 1985), *Page 1377 cert. denied, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).
While Warren makes much of the fact that he was not apprised of the specific reasons for his eventual dismissal during his meeting with Anderson on May 25, 1984, or prior to his actual dismissal on July 10, 1984, Anderson's letter of August 1, 1984, clearly spells out the particular reasons for Warren's dismissal. In light of the fact that the review committee did not convene to consider Warren's case for the first time until December 1, 1984, and did not make its final report until March 1, 1985, after having met a total of four times and some seven months after Warren had been made aware of the specific criticisms of his performance as library director, it is difficult to see how Warren can argue that his notice was unreasonable or insufficient.
Additionally, Warren was provided an opportunity to present his case to President Wright on March 25, 1985, during which he was in a position to offer witnesses, documentation, and his own testimony to contest his removal.
Warren argues that he was not provided with some form of pretermination hearing as required by Loudermill, supra. This court is persuaded that the concerns expressed by the United States Supreme Court in Loudermill are satisfied in the instant case. Most importantly, the court in Loudermill was concerned about the private interest one has in retaining employment while the disputes surrounding dismissals for cause are resolved; however, at no time during this entire procedure was Warren deprived in any sense of his means of livelihood. There is no dispute that while Warren's duties may have changed while this matter was being resolved, his salary remained the same throughout. This court would point out that one of the options suggested by theLoudermill court in situations where the employer perceives a risk in keeping an employee on the job is to suspend the employee with pay until the matter can be resolved. In the instant case, Warren was discharged from only one aspect of his duties prior to his full hearing, and his means of livelihood were not deprived in the slightest; therefore, the pretermination procedure in the instant case was adequate.
Because this court holds that the process provided Warren was sufficient, his breach of contract claim must also fail in that the conclusion of the review committee, reaffirmed by President Wright, was that Warren's termination as director of the library was appropriate. That is, since Warren was dismissed for cause, there was no breach.
Consequently, we pretermit as unnecessary discussion of any of the other grounds in appellees' brief in support of affirming the trial court's judgment.
In view of the above, the judgment of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J. concur.