THIGPEN, Judge.
This is an appeal from a summary judgment granted in favor of the University of Alabama in Huntsville (UAH).
A class action was filed by several terminated employees of UAH alleging, inter alia, breach of an employment contract and discrimination. UAH’s motion for sum *94 mary judgment was argued and granted. Following denial of their post-trial motions, the employees appeal.
On appeal, the dispositive issue is whether the trial court erred in granting UAH’s motion for summary judgment.
Only a brief recitation of the relevant facts is necessary in this appeal. The employees were support employees for food service facilities at UAH. In their complaint, the employees contend that at the commencement of their employment, they each received letters on UAH letterhead specifying certain employment benefits and their annual salary. They contend that the letters evidenced an employment contract with UAH which UAH breached by terminating their employment when Marriott Corporation (Marriott) purchased the rights to perform the services for UAH.
UAH answered that it determined for business and administrative reasons to allow Marriott to staff the operation of the food service facilities. Considering that this would, in effect, eliminate the UAH support positions assigned to those areas, UAH secured an agreement with Marriott to hire the individuals whose jobs were being eliminated. UAH further asserted that the original employment of the food service staff was no different from all employees of UAH, i.e., they were employed on an indefinite, at-will basis, and that the letters of employment, which provided information to the employee, offered no contractual assurance of employment for a specific term. In addition to a general denial, UAH claimed the action was barred because of its sovereign immunity as an instrumentality of the State.
Subsequently, UAH filed a motion for a summary judgment requesting that the matter be dismissed, along with a supporting brief and affidavits. UAH maintained that sovereign immunity barred the action and asserted that because no agreement existed to support the contract claim, the employees were at-will employees. The employees filed an objection to the motion for summary judgment with supporting affidavits and a brief. The opposition and its supporting documentation did not dispute that the employees were at-will employees who had no contract.
In its order granting the summary judgment and dismissing the action, the trial court noted consideration of the motion, the opposition, and supporting documentation for each side, along with the oral argument of each side. The trial court’s order did not specify the exact grounds of the order, only that “[UAHj’s motion is well-taken.” The face of UAH’s motion contained only general language regarding summary judgment that “there is no genuine issue as to any material fact and [UAH] is entitled to judgment as a matter of law.”
The law regarding summary judgment is well established. The party moving for summary judgment has the burden of negating the existence of a material fact. Rule 56, A.R.Civ.P.; Melton v. Perry County Board of Education, 562 So.2d 1341 (Ala.Civ.App.1990). A motion made and supported as provided in the rule shifts the burden to the non-movant, who must produce substantial evidence supporting its position that summary judgment is improper. Ala.Code 1975, § 12-21-12; Bass v. Southtrust Bank of Baldwin County, 538 So.2d 794 (Ala.1989). The non-movant may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial. Rule 56, A.R.Civ.P. When reviewing an entry of summary judgment, the appellate court must apply the same standard utilized by the trial court. Melton, supra.
Vie have reviewed the entire record in a light most favorable to the employees. Mann v. City of Tallassee, 510 So.2d 222 (Ala.1987). Our review discloses that UAH made a prima facie showing that there was no genuine issue as to any material fact concerning the atwill employment relationship and that they were entitled to judgment as a matter of law. UAH aptly asserts that the law is clear that employment is at will unless the required elements are shown to establish otherwise: 1) that there was a clear and unequivocal offer of lifetime employment or employment of definite duration; 2) that the hiring agent had au *95 thority to bind the principal to a permanent employment contract; and 3) that the employee provided substantial consideration for the contract separate from the services to be rendered. See Hoffman-La Roche, Inc. v. Campbell, 512 So.2d 725 (Ala.1987). The employees failed to set forth any facts showing that there was a genuine issue for trial regarding the at-will employment relationship. The trial court could correctly conclude that since the employees were at-will and no contract existed to support the employees’ action, UAH was entitled to judgment as a matter of law.
Accordingly, summary judgment for UAH was proper, and the judgment of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.