ROBERTSON, Presiding Judge.
This is an appeal from the entry of ’a summary judgment.
Larry Wayne Minor sought workmen’s compensation benefits for injuries suffered in an automobile accident. At the time of the accident he was employed by Alabama Specialties, Inc. (employer). The employer’s motion for summary judgment was granted, and Minor appeals.
The only issue before this court is whether the granting of the summary judgment was proper.
Rule 56, Alabama Rules of Civil Procedure, provides that summary judgment is proper when the trial court determines that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Melton v. Perry County Board of Education, 562 So.2d 1341 (Ala.Civ.App.1990). The moving party bears the burden of proof. Melton. Also, the reviewing appellate court must apply the same standard utilized by the trial court when reviewing an entry of summary judgment. Melton.
*940 Under Rule 56(c), A.R.Civ.P., the party moving for summary judgment has the burden of negating the existence of a genuine issue of material fact. Once that burden has been met, the non-moving party must come forward with substantial evidence to show otherwise. Economy Fire & Casualty Co. v. Goar, 551 So.2d 957 (Ala.1989).
The record reflects that on February 2, 1990, Minor was hired to hang sheet rock for the employer at a hospital construction site in Atlanta, Georgia. Samuel Crumb-ley, who was already working for the employer at the construction project in Atlanta, helped Minor get the job. Minor rode to Atlanta with Crumbley in Crumbley’s personal vehicle, and they shared a hotel room in Atlanta. Crumbley paid for the room as Minor had not yet received a paycheck. Crumbley had previously arranged with his supervisor to leave Atlanta after work on Wednesday, February 7, 1990, to return to Birmingham to take care of some personal business on February 8, 1990. Minor also obtained permission from the supervisor to return home with Crumbley on Wednesday and to return to work the following Monday. Minor sustained injuries in an automobile accident on 1-20 while riding with Crumbley on the trip from Atlanta back to Birmingham.
In granting the employer’s motion for summary judgment, the trial court noted that “[Minor’s] injuries did not arise out of and in the course of his employment.”
Pursuant to § 25-5-1, Code 1975, an employee’s injuries are compensable if his accident arose out of and occurred in the course of employment. Generally, accidents that occur while an employee is traveling to and from work are not compensa-ble because they fail to meet the arising out of and occurring in the course of employment requirement. Sun Papers, Inc. v. Jerrell, 411 So.2d 790 (Ala.Civ.App.1981). Here, it is clear that the accident occurred while Minor was traveling from work.
However, this court is mindful of exceptions to the aforementioned general rule. In situations where the employer furnishes the employee transportation, or reimburses him for his travel expenses, the accident may be deemed as arising out of and occurring in the course of employment. Worthington v. Moore Elec. Co., 563 So.2d 617 (Ala.Civ.App.1990).
Our review of the record reveals that the employer’s motion for summary judgment was submitted with supporting affidavit and depositions.
Floyd Wilson Hogeland, Vice President of Alabama Specialties, through deposition testimony, testified that Minor was paid $20 a day as board for four days, totalling $80. Hogeland testified that Minor was not reimbursed for any travel expenses, but that Crumbley received $58 as reimbursement for his travel expenses.
In opposition to the employer’s motion for summary judgment, Minor argued that he was paid $80 in addition to his earned salary. Minor asserts that the $80 was to be used for board and travel expenses; therefore, his injuries did arise out of and in the course of his employment.
The affidavit of P.J. Tidwell, an officer of the employer corporation, was submitted into evidence. Tidwell’s affidavit indicates that the $80 paid to Minor was only for board, and that the employees were only reimbursed for traveling expenses when such expenses were incurred.
It is clear from the record that the employer made a prima facie showing that Minor’s injuries did not arise out of or in the course of his employment; after which, Minor failed to present substantial evidence to support his position that he incurred travel expenses for which he was reimbursed and that the accident occurred in the course of his employment. Accordingly, summary judgment for the employer was proper, and the decision of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.