674 So.2d 1306 (1995)
Francis Veto CLARK
v.
Betty G. HACKETT.
2940361.
Court of Civil Appeals of Alabama.
August 25, 1995.
Rehearing Denied September 29, 1995.
*1307 Stuart M. Maples of Johnston, Johnston & Moore, Huntsville, for Appellant.
Charles B. Langham, Decatur, for Appellee.
THIGPEN, Judge.
In May 1994, Francis Veto Clark filed a complaint, by and through his daughter, Frankie Bell, against Betty G. Hackett, his stepdaughter. Clark alleged that he had, through mistake or fraud, executed a deed conveying certain real estate to Hackett. He further alleged that he had lacked the necessary capacity or intent to execute the deed, and that he had no knowledge or recollection of the execution of the deed. Inter alia, he sought to void the deed. Clark also filed a notice of lis pendens with the complaint.
On June 8, 1994, Hackett filed a motion for a summary judgment, accompanied by an affidavit from Edwin L. Bagwell, the individual who had notarized the deed, an affidavit from Hackett, and the deed that is the subject of this dispute. In July 1994, Clark filed a notice of the taking of certain depositions, and Hackett filed an objection to the taking of the depositions, contending that Clark had failed to respond to her motion for a summary judgment, had failed to show that a genuine issue of material fact existed, and had failed to indicate why the court should not enter a summary judgment.
Approximately two months after the motion for a summary judgment was filed, the trial court granted a summary judgment in favor of Hackett, stating that "[t]he plaintiff failed to file affidavits or other evidence to show there to be a genuine issue of fact pursuant to Rule 56(e) of the ARCP." Subsequently, Clark filed a counter-affidavit and a post-judgment motion, contending, among other things, that his complaint was sufficient evidence to create a genuine issue of material fact, and that he had been deprived of the ability to file his affidavit in opposition of the motion for a summary judgment and to conduct discovery because of the trial court's failure to set a hearing on the motion.
Ultimately, Clark's post-judgment motion was denied, and he appealed to our Supreme *1308 Court, which transferred this case to this court pursuant to Ala.Code 1975, § 12-2-7.
Clark raises two issues on appeal: (1) whether the trial court erred in entering a summary judgment without noticing, setting, or holding a hearing on the motion, and (2) whether there were genuine issues of material fact in the record precluding the entry of a summary judgment.
The issues in this case are primarily procedural; however, it appears from the scant record that on approximately April 9, 1993, Clark and his wife were involved in a motor vehicle accident; the accident seriously injured Clark and resulted in his wife's death. Clark and his wife held the subject property as joint tenants with right of survivorship, and Clark obtained title to the property upon his wife's death. Clark alleged that as a result of the accident, he required extended hospitalization and care. The record contains a warranty deed dated April 14, 1993, bearing Clark's signature and purporting to convey the property to Hackett. Clark alleged that he had no knowledge or recollection of the execution of this instrument, and that he had lacked the proper intent or capacity to convey the property. He further alleged that his signature on the deed was obtained through fraud or mistake, and that he did not become aware of the existence of the deed until Hackett informed him of the conveyance after his recuperation and release from the hospital. According to Clark, Hackett told him that he conveyed the property to her to avoid attachment for any potential liability that may have arisen as a result of the automobile accident.
Bagwell, who notarized the deed, stated that he was contacted by a former business associate and requested to go to the hospital on April 14, 1993, to notarize a document for Clark. He said he arrived at the hospital before Hackett and talked with the medical staff and with Clark to ascertain whether Clark was competent to execute the document. He stated that he was informed by the head nurse that Clark had not had any medication in the previous 24 hours, and that Clark would be knowledgeable of what he would be signing. Bagwell said he also spoke with Clark's treating physician and was assured that Clark was "mentally alert." Bagwell stated that he then talked to a nurse, who was exiting Clark's room, and that the nurse confirmed that Clark was mentally capable of signing a document.
Bagwell also stated that he visited with Clark, that he received coherent and correct responses from inquiries to Clark, and that he noted that Clark was sitting up and performing certain tasks unassisted. Bagwell stated that Clark acknowledged Bagwell's presence at the hospital to notarize the deed, that Clark was aware of the contents of the deed, that Clark had instructed that the deed be prepared to convey the property to Hackett, and that Clark knew what he was doing. Bagwell stated that he had no doubts that Clark was competent to execute the deed, and that Clark was fully aware of what he was doing on the date of the conveyance. Bagwell stated that he and Clark also had a discussion involving the proper way for Clark to sign his name on the deed. Bagwell further stated that he had been a notary for 41 years, and that this was the first time anyone had questioned anything that he had notarized. He stated that he had not been contacted by Clark, by Bell, or by anyone concerning the circumstances surrounding the execution of the deed.
Hackett stated in her affidavit that Clark, on his own initiative, told her that he wanted her to have the house, and that he instructed her to prepare a deed for the conveyance. She stated that she had lived beside her mother and Clark for nearly 30 years, and that she had "looked after them" and "took care of any business" for them for the last 20 or more years.
When reviewing the disposition of a motion for a summary judgment, the appellate court must apply the same standard utilized by the trial court, "subject to the caveat that [the appellate] Court must view the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant." ANCO TV Cable Co. v. Vista Communications Ltd., 631 So.2d 860, 862 (Ala.1993); see also Melton v. Perry County Board of Education, 562 So.2d 1341 (Ala.Civ.App.1990). A summary judgment is proper when it is determined that *1309 "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c)(3), A.R.Civ.P. Initially, the movant bears the burden of negating the existence of a genuine issue of material fact; however, once the moving party makes a prima facie showing that no genuine issue of material fact exists, the burden then shifts to the nonmoving party to produce substantial evidence creating a genuine issue of material fact. ANCO, 631 So.2d 860; Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala.1989). Furthermore, "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response ... must set forth specific facts showing that there is a genuine issue for trial." Rule 56(e), A.R.Civ.P. If the nonmoving party does not respond accordingly, a summary judgment "shall be entered against him." Rule 56(e), A.R.Civ. P.; Bass, 538 So.2d 794; Melton, 562 So.2d 1341.
Hackett supported her motion for a summary judgment by submitting a deed bearing Clark's signature and two affidavits which merely assert that Clark intended to deed the property to Hackett, and that he had the requisite mental and physical capacity to execute the deed conveying the property to Hackett. Rule 56(e), A.R.Civ.P., states that "affidavits shall be made on personal knowledge, [and] shall set forth such facts as would be admissible in evidence." (Emphasis added.) Assertions in an affidavit must be supported by admissible evidence, such as actual documents or affidavits of witnesses. Mere hearsay does not create an issue of fact. Ex parte Head, 572 So.2d 1276 (Ala. 1990). Furthermore, evidence that is offered in opposition to a motion for a summary judgment must present facts that would be admissible into evidence and must be more than a mere statement of allegations contained in the pleadings. Bass, 538 So.2d 794; see also McCullough v. McAnalley, 590 So.2d 229 (Ala.1991).
Bagwell stated in his affidavit what actions he took to form his opinion and then gave his opinion regarding Clark's mental state. He testified that in his opinion, Clark was competent to execute the deed and was fully aware of what he was doing. Had there been a hearing, then Bagwell's testimony about what he says he was told by others, such as a former business associate, a head nurse, Clark's doctor, and other hospital staff, would have been inadmissible as hearsay. After removing the hearsay portions of Bagwell's affidavit and viewing the remaining statement in a light favorable to Clark, what remains is a notary's opinion that Clark appeared competent, and a statement that Bagwell witnessed Clark's signature. Simply stated, Bagwell's affidavit merely contradicts Clark's assertion regarding his competency to sign the deed. Even if Bagwell's opinion regarding Clark's competency were accepted as conclusive on that matter, that alone is insufficient to make a prima facie case for a summary judgment in Hackett's favor.
Hackett's affidavit is likewise based upon statements that Hackett says Clark made to her before signing the deed. Hackett's statement, like Bagwell's, merely contradicts Clark's assertions without proving whether Clark was competent to sign the deed or whether there was fraud involved. At best, Hackett's statement discloses a true issue of material fact regarding fraud. The affidavits relied upon by Hackett are simply based upon questionable evidence and mere speculation. Furthermore, the deed, which forms the basis of this action, does not support Hackett's assertions, and the existence of the deed is undisputed. Certain propositions regarding competency and fraud were asserted by Clark and denied by Hackett. They remain to be determined.
A mere general denial, without more, does not automatically entitle a movant to a judgment as a matter of law. Swendsen v. Gross, 530 So.2d 764 (Ala.1988). The scant record does not reflect that Hackett, the moving party, met her burden of proof, especially regarding the issue of fraud, and therefore, the burden did not shift to Clark. Had Hackett properly met her burden, Clark could not have rested upon the mere allegations of his pleading. Because the requirements of Rule 56(e), A.R.Civ.P., however, were not met by Hackett, genuine issues of *1310 material fact exist, and Hackett is not entitled to a judgment as a matter of law. Accordingly, the trial court erred in entering a summary judgment in favor of Hackett; therefore, the judgment is due to be reversed and the cause remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.
MONROE, J., concurs in the result only.
MONROE, Judge, concurring in the result only.
I do not agree that Hackett has failed to make a prima facie showing that no genuine issue of material fact exists. I believe that the affidavits she submitted in support of her motion for summary judgment make such a prima facie showing, thereby shifting the burden to Clark to produce substantial evidence that there exists a genuine issue of material fact. The record reveals that Clark failed to meet this burden because he did not submit anything in opposition to Hackett's motion before the summary judgment was entered.
However, I would reverse the trial court's entry of summary judgment and remand this cause for a hearing on Hackett's motion for summary judgment, allowing Clark sufficient time to conduct discovery in order to obtain information needed to oppose Hackett's motion for summary judgment. The record reveals that the trial court did not notice, set, or hold a hearing on Hackett's motion for summary judgment. After Hackett filed her motion, Clark noticed depositions. Hackett filed an objection to the taking of the depositions, but the summary judgment was entered before a hearing was held on this discovery issue and before Clark was given an adequate opportunity to conduct discovery that was needed in order to oppose Hackett's motion for summary judgment. "A party is entitled to complete his or her discovery in order to be able to counter a motion for summary judgment." Tyler v. City of Enterprise, 521 So.2d 951 (Ala.1988).
Because I would reverse the trial court, but for a different reason, I concur in the result only.