Richard Hill and Clifford W. "Chip" Cleveland II own adjoining parcels of property. Cleveland purchased his parcel of property ("the Bell property") in September 2000 from the estate of James "Junior" Bell. At times since his purchase of the Bell property, Cleveland and his *Page 473 
tenants have traveled across Hill's property along an access road referred to as "Bell Lane" to access the Bell property. However, when Cleveland prepared to sell the Bell property, Cleveland's realtor was told by Hill that the Bell Lane access road was privately owned and that Cleveland had no easement or other entitlement to its use.
Cleveland sued Hill, alleging that Hill had interfered with Cleveland's business relationship with a proposed purchaser of the Bell property, alleging that Hill had slandered Cleveland's title, and seeking a judgment declaring that a prescriptive easement ran across Hill's property along an access road known as Bell Lane. Cleveland filed a motion for a summary judgment on all three of his claims, to which he attached as exhibits, among other things, his own affidavit; the affidavit of David Bufkin, the Autauga county engineer; the affidavit of Robert Faulk, the attorney who handled the estate of James "Junior" Bell; and the affidavit of Rosemary Wilson, the former wife of James "Junior" Bell. In regard to his declaratory-judgment claim seeking to have a prescriptive easement declared, Cleveland contended that the county had maintained Bell Lane; that no one had ever sought permission to use Bell Lane from Hill; and that postal employees, utility employees, municipal police and fire personnel, and others had used Bell Lane without restriction for the past 20 years. Hill filed a motion to strike certain affidavits and a response in opposition to Cleveland's motion. In addition, Hill moved for a summary judgment on all of Cleveland's claims, attaching as exhibits, among other things, his affidavit; the affidavit of William B. Scott, a registered surveyor who had surveyed the subject properties; and certain county maps. On October 19, 2004, the trial court entered a summary judgment in Cleveland's favor on his declaratory-judgment claim alone, finding as a matter of law that a prescriptive easement existed over Hill's property. At Hill's request, the trial court made the judgment final pursuant to Rule 54(b), Ala. R. Civ. P., on November 16, 2004. Hill filed a postjudgment motion on December 10, 2004, which was denied by the trial court on February 22, 2005, after a hearing. Hill appealed to the Alabama Supreme Court, which transferred the case to this court, pursuant to Ala. Code 1975, § 12-2-7(6).
Cleveland argues that Hill's appeal is untimely. Cleveland bases this argument on a mistaken understanding of the effect of the trial court's entry of the summary judgment in his favor on his declaratory-judgment claim on October 19, 2004. Cleveland contends that Hill failed to timely file his postjudgment motion (and thus his subsequent appeal) because, he says, the postjudgment motion was required to have been filed within 30 days of October 19, 2004, or by November 18, 2004. However, the October 19, 2004, summary judgment on the declaratory-judgment claim was not a final judgment. The trial court disposed of only one of three claims when it decided to enter a summary judgment on Cleveland's declaratory-judgment claim; the trial court recognized this fact by indicating in its order granting the summary judgment: "Bal[ance] of claim remaining." A final judgment must dispose of all claims or determine the rights or liabilities of all parties. Ex parte Harris, 506 So.2d 1003,1004 (Ala.Civ.App. 1987). The only exception to this rule of finality is when the trial court directs the entry of a final judgment pursuant to Rule 54(b), Ala. R. Civ. P. Bean v. Craig,557 So.2d 1249, 1253 (Ala. 1990). Hill requested that the trial court make the partial summary judgment final; it did so on November 16, 2005. After the judgment was made final, Hill requested *Page 474 
postjudgment relief on December 10, 2004, within the 30-day window provided by Rule 59(b), Ala. R. Civ. P., which tolled the time for appeal. Rule 4(a)(3), Ala. R.App. P. After Hill's postjudgment motion was denied on February 22, 2005, Hill filed his notice of appeal within the requisite 42-day period. Rule 4(a)(1). Thus, contrary to Cleveland's contention, Hill's appeal was timely.
Hill makes several arguments on appeal. He first argues that the declaratory-judgment claim should have been dismissed because no justiciable controversy existed. In contravention of Rule 28(a)(10), Ala. R.App. P., Hill's argument on that issue contains only a quotation explaining that a justiciable controversy is required for a court to exercise jurisdiction. Hill does not explain why he believes no justiciable controversy exists, and, in fact, it appears clear that one does exist — the parties disagree over whether a prescriptive easement exists over Hill's property. Hill also contends that Cleveland should have filed his action in probate court pursuant to Ala. Code 1975, § 18-3-1 et seq., governing the condemnation of rights of way. However, Cleveland did not seek to condemn a right of way across Hill's property; he sought instead a determination whether he had a prescriptive easement authorizing him to use Bell Lane. Thus, Cleveland properly filed his action in the circuit court.
Hill also argues that the trial court improperly determined that a public road had been created. Although some exhibits in the record indicate that the issue whether Bell Lane was a public road might have been intended to be an issue in the litigation, the trial court did not base its judgment on a conclusion that Bell Lane was a public road, and Cleveland stated in his response to one of Hill's pleadings that he was not trying to have Bell Lane declared a public road. Accordingly, we will not discuss that issue.
In the trial court, Hill moved to strike the affidavits of Robert Faulk and David Bufkin, both of which were exhibits to Cleveland's summary-judgment motion. Hill argued that both Bufkin's affidavit and Faulk's affidavit should be stricken because they contained hearsay.
 "Rule 56(e), [Ala.] R. Civ. P., states that `affidavits shall be made on personal knowledge, [and] shall set forth such facts as would be admissible in evidence.' (Emphasis added.) Assertions in an affidavit must be supported by admissible evidence, such as actual documents or affidavits of witnesses. Mere hearsay does not create an issue of fact."
Clark v. Hackett, 674 So.2d 1306, 1309 (Ala.Civ.App. 1995). For example, in Hand v. Greensprings Storage, 678 So.2d 1187, 1188
(Ala.Civ.App. 1996), this court held that a statement in an affidavit that "`[i]t was made clear to [the affiant] from the conversation with Mr. Dommitt that Mr. Kelly was either an employee or agent of Greensprings Storage'" was an unsupported statement that was hearsay and therefore did not constitute substantial evidence sufficient to create an issue of fact.
Bufkin, the county engineer for 14 years, testified concerning the county's maintenance of Bell Lane. His affidavit reads, in part:
 "Bell Lane is situated in Autauga County, Alabama, and has been maintained by Autauga County to the first intersection on an as needed basis for over twenty years. I determined such through my conversations with several current and former employees of the county. My understanding of the conversations is without a doubt, Bell Lane up to the first intersection has been *Page 475 
maintained by the county on an as needed basis for over twenty years."
Faulk's affidavit reads, in part, as follows:
 "I am well aware of the fact that David Bufkin, County Engineer, has been contacted by Chip Cleveland in regards to Bell Lane. Furthermore, it has come to my attention through David Bufkin [that] Bell Lane is a road that has been maintained by Autauga County on an as needed basis for over twenty years."
Both affidavits clearly contain information that is not based on personal knowledge and was admittedly gleaned from conversations with other persons. We agree that, to the extent both affidavits contained hearsay, those portions of the affidavits containing hearsay should have been stricken by the trial court. However, because the information contained in those portions of the affidavits appear to relate to the abandoned contention that Bell Lane is a public road, any error by the trial court in failing to strike the portions of the affidavits containing hearsay was harmless. Rule 45, Ala. R.App. P.
Hill next argues that the trial court erred in entering a summary judgment establishing a prescriptive easement because, he says, Cleveland did not present evidence establishing the existence of a prescriptive easement. We review a summary judgment de novo; we apply the same standard as was applied in the trial court. A motion for a summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. A party moving for a summary judgment must make a prima facie showing "that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." Rule 56(c)(3); see Lee v. City of Gadsden,592 So.2d 1036, 1038 (Ala. 1992). If the movant meets this burden, "the burden then shifts to the nonmovant to rebut the movant's prima facie showing by `substantial evidence.'" Lee,592 So.2d at 1038 (footnote omitted). "[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. FoundersLife Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989);see Ala. Code 1975, § 12-21-12(d).
In addition, as our supreme court has observed, "`[t]he manner in which the [summary-judgment] movant's burden of production is met depends upon which party has the burden of proof . . . at trial.'" Ex parte General Motors Corp., 769 So.2d 903, 909
(Ala. 1999) (quoting Berner v. Caldwell, 543 So.2d 686, 691
(Ala. 1989) (Houston, J., concurring specially)).
 "`If the [summary-judgment] movant has the burden of proof at trial, the movant must support his motion with credible evidence, using any of the materials specified in Rule 56(c), [Ala.] R. Civ. P. . . . The movant's proof must be such that he would be entitled to a [judgment as a matter of law] if this evidence was not controverted at trial.'"
Ex parte General Motors, 769 So.2d at 909.
In order to determine whether Cleveland was entitled to a summary judgment on his declaratory-judgment claim, we must first determine what evidence Cleveland, who would bear the burden of proof at trial, was required to produce.
 "To establish an easement by prescription, the claimant must use the premises over which the easement is claimed for a period of twenty years or more, adversely to the owner of the premises, under claim of right, exclusive, continuous, and *Page 476 
uninterrupted, with actual or presumptive knowledge of the owner. The presumption is that the use is permissive, and the claimant has the burden of proving that the use was adverse to the owner."
Bull v. Salsman, 435 So.2d 27, 29 (Ala. 1983).
Cleveland's evidence in support of his motion for a summary judgment on his declaratory-judgment claim consisted of his own affidavit; the affidavits of David Bufkin, Robert Faulk, and Rosemary Wilson; correspondence between Cleveland and Hill; and a deed that, according to Cleveland, established an easement across Hill's property in favor of Jim Corley, another neighbor of the parties. Cleveland's own affidavit states that he purchased the Bell property from the estate of James "Junior" Bell on September 29, 2000. According to Cleveland's affidavit testimony, many mobile homes were situated upon the Bell property and the individuals who resided in those mobile homes utilized Bell Lane as the only means of ingress and egress from their homes. Cleveland stated that, since his purchase of the property, none of his family members or their tenants had requested permission to use Bell Lane. Cleveland also said that numerous persons, including construction workers, postal employees, utility personnel, and guests, used Bell Lane without impediment to provide services to or to otherwise visit with those living on the Bell property.
As noted above, Faulk's affidavit was used, in part, to establish that the county maintained Bell Lane, which is irrelevant to the establishment of a prescriptive easement. However, Faulk also testified that he had never been made aware that anyone living on the Bell property or that the timber company that had cut the timber on the Bell property had encountered any difficulty with Hill while traveling on Bell Lane. Bufkin's affidavit testimony related solely to the county's role in maintaining Bell Lane, which, as we previously mentioned, is wholly irrelevant to the establishment of a prescriptive easement. The deed to Corley, which reportedly contains the grant of an easement across Hill's property, is likewise immaterial to whether Cleveland was entitled to a prescriptive easement across Hill's property.
The final piece of evidence submitted by Cleveland bearing on the entitlement to a prescriptive easement is the affidavit of Rosemary Wilson. Wilson's affidavit testimony indicated that she was married to James "Junior" Bell from 1979 to 1991. She stated that during that 12-year period she never sought Hill's permission to use the "dirt road." Even assuming the "dirt road" to which Wilson refers in her affidavit is Bell Lane, her affidavit does not establish that the use of Bell Lane by James "Junior" Bell and his family was adverse to Hill for a period of 20 years. Wilson's affidavit testimony, at best, could establish only that the Bells' use of Bell Lane was adverse to Hill for the years between 1979 and 1991; however, it does not establish that fact for the years between 1991 and 2000, or for the years after Cleveland purchased the property in 2000.
Cleveland's evidence is not "`such that he would be entitled to a [judgment as a matter of law on his declaratory-judgment claim for a prescriptive easement] if [his] evidence was not controverted at trial.'" See Ex parte General Motors,769 So.2d at 909. Because Cleveland's evidentiary submissions do not suffice to establish that he or his predecessor in title used Bell Lane in a manner adverse to Hill for the required 20-year period, he was not entitled to a summary judgment establishing a prescriptive easement as a matter of law. *Page 477 
Thus, we reverse the summary judgment in Cleveland's favor.
Hill sought a summary judgment in his favor on all of Cleveland's claims; he appeals the denial of his summary-judgment motion on Cleveland's tort claims. However, we are precluded from considering the propriety of the denial of Hill's summary-judgment motion because this appeal does not fall within the rule announced in Lloyd Noland Foundation, Inc. v. City ofFairfield Healthcare Authority, 837 So.2d 253, 263 (Ala. 2002), which permits the consideration of the denial of a summary-judgment motion in an appeal from a pretrial final judgment disposing of all claims but not from a partial summary judgment disposing of fewer than all claims that is certified as final pursuant to Rule 54(b).
REVERSED AND REMANDED.
THOMPSON, PITTMAN, and BRYAN, JJ., concur.
MURDOCK, J., concurs in the result, without writing.