THOMAS, Judge.
Jackie McLeod appeals from a summary judgment entered in favor of S.M. McLeod and Michelle McLeod (hereinafter sometimes collectively referred to as “the McLeods”). Jackie sued the McLeods, alleging that S.M. had “mentally and physically assaulted” Jackie by threatening him with a pistol while Jackie was in the swimming pool with Michelle and by hitting Jackie with the pistol once Jackie got out of the pool. In his complaint,[1] Jackie alleged that Michelle had intentionally failed to warn Jackie of her husband’s jealous nature before inviting Jackie to swim with her.
The McLeods filed a one-page motion for a summary judgment. In their motion, the McLeods stated that the incident described by Jackie was “a total fabrication [by] a convicted con and sociopath that is attempting to extort money from his family and insurance companies.” According to the McLeods’ motion, Jackie “has a history of abusing the judicial system to harass and attempt to extort money” and that he “uses the judicial system to attack innocent individuals from his prison cell.” The McLeods attached no evidentiary submissions to their motion and did not direct the trial court to any evidence that might have existed in the court’s file.
In response to the McLeods’ motion, Jackie filed a response in opposition and his own affidavit, in which he recounted the events of the incident giving rise to his complaint. Generally, Jackie averred that he had gone to S.M.’s home to speak to S.M. about renting a house owned by S.M., that Michelle told Jackie that S.M. was not home and that S.M. would be at work until 11:30 that night, and that Michelle invited Jackie to go swimming with her in the pool *427 in the backyard. Jackie further testified in his affidavit that he went swimming in the pool with Michelle, that S.M. arrived home early and found Jackie in the pool with Michelle, and that S.M. became angry. According to Jackie’s affidavit, S.M. brandished a pistol at Jackie and, using profanity, ordered Jackie to get out of the pool. Jackie also testified in his affidavit that S.M. hit Jackie in the head with the pistol, told Jackie to never return to the McLeods’ home, and threatened to kill Jackie if he did return.
The trial court entered a summary judgment in favor of the McLeods. Jackie appealed to the Alabama Supreme Court, which transferred the appeal to this court, pursuant to Ala.Code 1975, § 12-2-7(6). We reverse the summary judgment in favor of the McLeods.
We review a summary judgment de novo; we apply the same standard as was applied in the trial court. A motion for a summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. A party moving for a summary judgment must make a prima facie showing “that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law.” Rule 56(c)(3); see Lee v. City of Gadsden, 592 So.2d 1036, 1038 (Ala.1992). If the movant meets this burden, “the burden then shifts to the nonmovant to rebut the movant’s prima facie showing by ‘substantial evidence.’ ” Lee, 592 So.2d at 1038 (footnote omitted). “[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989); see Ala.Code 1975, § 12-21-12(d).
Jackie argues on appeal that the McLeods failed to meet their initial burden of showing a lack of a genuine issue of material fact. We agree. “A mere general denial, without more, does not automatically entitle a movant to a judgment as a matter of law.” Clark v. Hackett, 674 So.2d 1306, 1309 (Ala.Civ.App.1995). A trial court deciding a motion for a summary judgment must evaluate the sufficiency of the evidence in support of and in opposition to the motion; “where the evidence is in conflict, the issue must go to the jury.” Kitchens v. Winn-Dixie Montgomery, Inc., 456 So.2d 45, 47 (Ala.1984). “ ‘It goes without saying that “ ‘ “a court may not determine the credibility of witnesses on a motion for summary judgment.” ”” ” Davis v. Sterne, Agee & Leach, Inc., 965 So.2d 1076, 1089 (Ala.2007) (quoting Dixon v. Board of Water & Sewer Comm’rs of the City of Mobile, 865 So.2d 1161, 1166 n. 2 (Ala.2003), quoting in turn Wilson v. Teng, 786 So.2d 485, 498 (Ala.2000), quoting in turn Ex parte Usrey, 777 So.2d 66, 68 (Ala.2000), quoting in turn Phillips v. Wayne’s Pest Control Co., 623 So.2d 1099, 1102 (Ala.1993)).
The McLeods presented nothing but bald statements in their motion for a summary judgment to support their entitlement to a summary judgment on Jackie’s claims.
“However, ‘[mjotions and arguments of counsel are not evidence.’ Williams v. Akzo Nobel Chemicals, Inc., 999 S.W.2d 836, 845 (Tex.App.1999). ‘[Statements in motions are not evidence and are therefore not entitled to evidentiary weight.’ Singh v. Immigration & Naturalization Serv., 213 F.3d 1050, 1054 n. 8 (9th Cir.2000). ‘[B]riefs submitted in support of motions are not evidence to be considered by the Court in resolving a summary judgment motion.’ Direct Media Corp. v. Camden *428 Tel. & Tel. Co., 989 F.Supp. 1211, 1217 (S.D.Ga.1997).”
Fountain Fin., Inc. v. Hines, 788 So.2d 155, 159 (Ala.2000).
Because the McLeods did not present any evidence supporting their assertions that the incident upon which Jackie based his action did not actually occur or that Jackie was not legally entitled to damages for the alleged assault and battery,[2] the McLeods failed to shift the burden to Jackie. Even so, Jackie responded to the McLeods’ motion with his own affidavit, in which he presented evidence indicating that S.M. had assaulted and battered Jackie at S.M.’s home after S.M. found Jackie in the swimming pool with Michelle. Because the McLeods failed to establish a lack of a genuine issue of material fact as to the claims arising from the alleged incident, the trial court erred when it entered a summary judgment in favor of the McLeods. Accordingly, the judgment of the trial court is reversed, and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.

. Jackie amended his complaint at least three times, although, by and large, the factual allegations and the legal claims in the complaints remained the same.

. Although Jackie referred to violations of his constitutional rights and used other terms like negligence and wantonness in his complaint and amended complaints, his primary claims appear to be a claim against S.M. alleging assault and battery and, against Michelle, a claim of "failure to warn.” In reversing the summary judgment based on the failure of the McLeods to present evidence of a lack of a genuine issue of material fact, we express no opinion on whether Jackie’s claims have any merit.