This is a workmen's compensation case.
On August 28, 1992, Joe Stanley Holt filed a complaint in the Madison County Circuit Court, alleging that he had suffered an injury to his rotator cuff in his right shoulder on January 23, 1992, arising out of and in the course of his employment with Dunlop Tire Corporation and seeking compensation for that injury. Dunlop answered, alleging that Holt had not sustained a job-related injury and that his disability, if any, was caused by a pre-existing injury that was unrelated to his employment.
On the day of trial, the parties stipulated that on January 23, 1992, there existed an employer/employee relationship between the parties as defined by the Alabama Workmen's Compensation Act; that Holt gave Dunlop notice of his injury as required by the Alabama Workmen's Compensation Act; that all of Holt's medical expenses as a result of his injury had been paid by Dunlop; that Holt had received temporary total disability compensation benefits for a period of 32.2 weeks at a rate of $385.00 per week; and that as of January 23, 1992, Holt's average weekly wage, excluding fringe benefits, was $680.93.
Following an ore tenus proceeding, the trial court entered a judgment in favor of Dunlop. The trial court found that Holt "had been treated for a number of years . . . for problems with his right shoulder prior to [January 23, 1992]" and found "that the medical and chiropractic opinions considered in light of all of the other testimony and evidence do not support [Holt's] contention that the [injury to his right shoulder] is related to the alleged accident of January 23, 1992."
Holt raises three issues on appeal: (1) whether there was evidence submitted to the trial court establishing that Holt had suffered a compensable injury arising out of and in the course of his employment with Dunlop; (2) whether the appropriate standard of review on appeal mandates a reversal of the judgment of the trial court; and (3) whether a pre-existing condition precludes Holt from recovering in this case.
In workmen's compensation cases, a two-step standard of review is used. Initially, this court must determine if there is any legal evidence to support the trial court's findings; if such evidence is found, then this court must determine whether any reasonable view of that evidence supports the judgment of the trial court. Ex parte Eastwood Foods, Inc., 575 So.2d 91
(Ala. 1991). However, this standard of review is applicable to the trial court's findings of fact and not its conclusions of law. Ex parte Cash, 624 So.2d 576 (Ala. 1993).
The record reveals that Holt began working for Dunlop in 1977 and that he had sustained various on-the-job and off-the-job injuries over the years; however, he had always been able to perform the duties of his job as a tire repairman.
Dr. Larry C. Tucker, Holt's chiropractor, testified by deposition that, in 1982, he had treated Holt for a torn right pectoralis *Page 76 
(chest) muscle and that, in 1983, he had treated Holt for a pulled right trapezial muscle, which is the muscle that runs toward the back of the neck and down into the shoulder. Dr. Tucker also testified that from 1983 to 1991 he had treated Holt for a fractured rib; an elbow injury; a lower back injury; a whiplash (neck) injury; a separated right clavicle joint; a lower back strain; a second neck injury; a stiff neck; a strained neck; a strained lower back; and another neck strain. Dr. Tucker further testified that after treatment of each of the injuries that Holt returned to work. Moreover, Dr. Tucker testified that on January 8, 1992, he had treated Holt for a continuing neck strain, however, Holt did not have any loss of range of motion with his right arm and Holt did not exhibit any pain in his right shoulder.
Dr. Seyed Bagher Moayedpardazi, a family practitioner, testified by deposition that he had treated Holt in 1990 and 1991 for tracheal bronchitis and pain in his left shoulder caused by an inflammation of the tendon. Dr. Moayedpardazi further testified that he did not treat Holt for pain in his right shoulder until June 10, 1992.
Furthermore, three other Dunlop employees besides Holt testified that until January 23, 1992, Holt was able to perform his job with Dunlop without any problems.
The record evidence reflects that Holt had a significant hole in his right rotator cuff as a result of his January 23, 1992, injury, and that the rotator cuff was surgically repaired by his orthopedic surgeon, Dr. Richard Burnside. Dr. Burnside testified by deposition that the hole in Holt's rotator cuff was the result of trauma, combined with wear and tear changes. Dr. Burnside further testified that after the surgery he had placed restrictions on Holt's job duties for six months, including not doing work over his head and not lifting anything weighing over 30 pounds.
Dr. John Bacon, an orthopedic surgeon who subsequently treated Holt, testified by deposition that he found Holt to have some persistent irritation of his right rotator cuff and some persistent weakness of his right shoulder musculature. Dr. Bacon also testified that he had placed permanent restrictions on Holt, including not lifting more than 10 pounds with his right arm and not using his right arm at shoulder height or over his head as a result of the January 23, 1992, injury and subsequent surgery.
A pre-existing condition will not affect a workmen's compensation award if a job-related injury combined with that pre-existing condition to produce disability. Reynolds MetalsCo. v. Stults, 532 So.2d 1035 (Ala.Civ.App. 1988). Further, if a previous injury or infirmity has not demonstrated itself as disabling and has not prevented the employee from performing his job in a normal manner, then the pre-existing condition or disability does not disqualify the claim under the "arising out of and in the course of his employment" requirement of the statute. Ex parte Lewis, 469 So.2d 599 (Ala. 1985); see alsoBlue Bell, Inc. v. Nichols, 479 So.2d 1264
(Ala.Civ.App. 1985). Also, it was not necessary that the January 23, 1992, injury be the sole cause, or dominate cause of Holt's disability, so long as it was a contributing cause. Ex parteValdez, 636 So.2d 401 (Ala. 1994).
After carefully reviewing the record, we find that Holt's pre-existing condition did not demonstrate itself as disabling nor prevent him from performing his job duties in a normal manner and, therefore, Holt had no pre-existing condition for compensation purposes. Blue Bell, Inc.; Valdez, supra.
Consequently, we find that the trial court misapplied the law to the facts in this case. The judgment of the trial court is reversed, and this cause is remanded for the entry of a judgment in favor of Holt and for a determination of workmen's compensation benefits accordingly.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THIGPEN and YATES, JJ., concur. *Page 77