THIGPEN, Judge,
dissenting.
My review of this record reveals that summary judgment has improperly disposed of at least two factual disputes, i.e., whether Turner is disabled, and whether his work-related accident caused or contributed to his alleged disability. Dunlop, as movant, had the burden of negating the existence of a material fact. Melton v. Perry County Board of Education, 562 So.2d 1341 (Ala.Civ.App.1990). Summary judgment is not proper when there are issues of material fact. Rule 56, A.R.Civ. P.; Southern Guaranty Ins. v. First Ala. Bank, 540 So.2d 732 (Ala.1989). Summary judgment is proper only upon a prima facie showing that there is no genuine issue of material fact, and that the movant is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P.; Melton, supra.
It is undisputed that Turner suffered a compensable accident in September 1992. Dunlop supported its motion for summary judgment with medical documentation which could support a conclusion that a ganglion cyst, which was removed from Turner’s wrist in September 1993, was not caused by his 1992 work-related injury. Dunlop, however, failed to show that Turner’s alleged disability resulted from the ganglion cyst, or that Turner’s alleged disability did not result from his work-related accident.
Even if one could assume that Dunlop established a prima facie case for summary judgment, Turner successfully rebutted it. In opposition to Dunlop’s motion, Turner asserted that he had a loss of use of his right arm in the area of his 1992 injury, and he provided the court with a physical capacities evaluation concerning his right arm. An employee’s own subjective complaints are legal evidence which can support a finding regarding disability. See Bankhead Forest Industries, Inc. v. Lovett, 423 So.2d 899 (Ala.Civ. App.1982); see also Hester v. Ridings, 388 So.2d 1218 (Ala.Civ.App.1980). It is not necessary that Turner’s 1992 work injury be the dominant cause of his alleged disability as long as it was a contributing cause to the disability. Ex parte Valdez, 636 So.2d 401 (Ala.1994); Holt v. Dunlop Tire Corp., 646 So.2d 74 (Ala.Civ.App.1994). Additionally, medical testimony is not required to prove medical causation. Ex parte Price, 555 So.2d 1060 (Ala.1989).
It appears to me that summary judgment was improper in this case in light of the beneficent purpose of the workers’ compensation laws and the genuine issues of material fact to be determined by the trier of facts; therefore, I must respectfully dissent.
YATES, J., concurs.