MONROE, Judge.
This is a workmen’s compensation case.[1]
In July 1992, David Jackson filed a complaint against his employer, Dunlop Tire and Rubber Corporation (Dunlop), seeking workmen’s compensation benefits. He alleged that an on-the-job injury occurred on August 7,1990. The case was tried in October 1994. The trial court found that Jackson had suffered a 20% impairment to the body as a whole and a 78% loss of earning capacity as a result of his on-the-job injury, and the court awarded benefits accordingly. Dunlop appeals.
Jackson had been employed with Dunlop since 1975. On August 7, 1990, while working as a second stage tire builder, he injured his back. Jackson was subsequently treated by a number of doctors for the injury. He returned to work on August 23, 1990, but he continued to have problems with his back, which he alleged stemmed from the accident, and he has been unable to work since May 1992.
The first medical diagnosis in the record, by Dr. Howard Miller, was that Jackson had a strain to his lower back. Dr. Miller, an orthopedic surgeon, testified in his deposition that he did not believe that Jackson had an acute compression fracture, as was later diagnosed by another doctor, because, he said, Jackson recovered quickly from the injury, with conservative treatment.
The next doctor to treat Jackson was Dr. Kendall Black, another orthopedic surgeon. He diagnosed a lumbosacral strain superimposed on degenerative disc problems. Dr. Black’s office notes indicated that Jackson had not suffered any permanent partial physical impairment as a result of his August 7, 1990, on-the-job injury. Jackson then saw Dr. Robert Mitchell for a second opinion. Dr. Mitchell diagnosed chronic recurrent dorsal strain, scoliosis, and degenerative disc disease.
Finally, Jackson sought treatment from Dr. Dewey Jones, another orthopedic surgeon. Dr. Jones ordered that an additional MRI be performed on Jackson in 1992 and, upon reviewing it, discovered compression fractures on Jackson’s spine, which he testified could be the cause of Jackson’s chronic back problems. Dr. Jones testified that the compression fractures were old and could have been caused by the August 1990 acci *821 dent. Additionally, he testified that the August 1990 accident probably aggravated any prior problems Jackson might have had with his back. Dr. Dewey gave Jackson a 20% degree of limitation of function to the lower back or spine.
Patsy Bramlett, a vocational rehabilitation counselor, reported that Jackson has a 91% loss of access to jobs and a 65-70% loss of earning capacity, for a vocational disability rating of 78-83%.
Dunlop contends that the trial court erred in finding that Jackson suffered a 20% impairment to the body as a whole and a 78% loss of earning capacity as a result of his on-the-job injury.
Our standard of review in this case is limited to a determination of whether there is any legal evidence to support the trial court’s findings. If such evidence exists, this court must determine whether a reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991). “Where one reasonable view of the evidence supports the trial court’s judgment, the judgment must be upheld, even if another, perhaps better reasoned, view of the evidence might have dictated a different outcome.” Ex parte Veazey, 637 So.2d 1348, 1349 (Ala.1993).
Dunlop contends that Jackson’s back problems were not caused by the August 1990 accident and that Jackson had fully recovered from his on-the-job injury in 1990 before experiencing further back pain in 1991. However, we find that there is legal evidence to support the trial court’s findings and that a reasonable view of that evidence supports the trial court’s judgment. Dr. Jones testified that the accident could have caused the compression fractures and, additionally, that the accident probably aggravated any pre-existing back problems Jackson had. If, in fact, Jackson had a previous back condition, we note that “[a] pre-existing condition will not affect a workmen’s compensation award if a job-related injury combined with that pre-existing condition to produce [the] disability.” Holt v. Dunlop Tire Corp., 646 So.2d 74, 76 (Ala.Civ.App.1994).
Additionally, the record reveals that Jackson consistently complained of recurrent back problems after the August 1990 accident and has been unable to work since May 1992. He receives Social Security disability benefits based on 100% disability. In its order, the trial court stated that it had closely observed Jackson throughout the proceedings and found that he possessed candor and credibility. We cannot say that the trial court erred in finding that Jackson’s back problems were caused by his on-the-job injury-
Dunlop also contends that the trial court erred in calculating the amount of compensation due to Jackson under the percentage of impairment it found, because, Dunlop alleges, the trial court failed to give Dunlop credit for the amount of temporary total compensation benefits that it had paid.
Jackson concedes that the trial court incorrectly calculated his benefits by not giving Dunlop credit for the 16 weeks and 5 days of temporary total disability benefits it had already paid. Under § 25-5-57(a)(3)(g), Ala. Code 1975, “If a permanent partial disability, compensation for which is not calculated by use of the schedule in subdivision (a)(3) of this section, follows a period of temporary total disability resulting from the same injury, the number of weeks of the temporary total disability shall be deducted from the number of weeks payable for the permanent partial disability.”
The portion of the trial court’s order calculating the amount of benefits due Jackson is reversed and this cause is remanded for the trial court to give Dunlop proper credit under § 25-5-57(a)(3)(g), Ala.Code 1975, for temporary total benefits paid.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, YATES, and CRAWLEY, JJ., concur.

. The injury in this case occurred before the substantial evidence standard of review for workers’ compensation cases became effective. Therefore, the Workmen’s Compensation Act, as it read before the amendments of May 19, 1992, is controlling.