This is an appeal from a summary judgment entered on behalf of the defendant, City of Enterprise, in a negligence action brought by the administrator of the estate of Raymond Tyler, Jr., deceased.
On or about the evening of May 10, 1985, Raymond Tyler, Jr., (hereinafter "Tyler") was killed in an automobile accident south of Enterprise, Alabama, on Highway 27. James Tyler, the administrator of Tyler's estate, sued the City of Enterprise, alleging negligence on the part of city police officers, which negligence allegedly caused Tyler's death.
The suit was filed in March 1986. The City filed its answer within the appropriate time, and in July, the plaintiff filed interrogatories. In its answers to this first set of interrogatories, the City denied any contact between Tyler and any of its police officers on the evening of May 10 or the early morning of May 11, 1985, the time of the alleged incident giving rise to the lawsuit. In September, the plaintiff filed a second set of interrogatories, and on October 16, 1986, the City filed its motion for summary judgment. Although the plaintiff alleges that he never received notice of the motion for summary judgment, the motion was sent by regular mail, postage prepaid and properly addressed to the plaintiff's attorney. On October 29, 1986, the plaintiff filed a motion to produce in accordance with A.R.Civ.P. 34. On November 14, 1986, without any response having been made to the plaintiff's second set of interrogatories or his motion to produce, and without a hearing on the city's summary judgment motion, the trial court granted the City a summary judgment. The plaintiff filed a motion to set aside the summary judgment. The Court denied the motion, and this appeal followed.
Before this Court, the plaintiff urges reversal of the summary judgment. He contends that it was error to grant the summary judgment with discovery still in progress. He likewise asserts that the court erred in granting summary judgment because he had not received notice of the City's motion and no hearing was held on it.
In the recent case of Perry v. Mobile County, 497 So.2d 829
(Ala. 1986), this Court reversed a summary judgment and remanded the case for further proceedings because the trial court had granted the judgment before the moving party had complied with a pending request for production. Our decision in that case was based on our prior decision in Rivers v. Stihl,Inc., 434 So.2d 766 (Ala. 1983), in which the trial court had granted summary judgment before the defendants had supplied answers to some of the plaintiff's interrogatories. That case held that summary judgment was improper where discovery was incomplete. A party is entitled to complete his or her discovery in order to be able to counter a motion for summary judgment. See Water View Developments, Inc, v. Eureka, Inc.,512 So.2d 916 (Ala. 1987).
In accordance with our holdings in these prior cases, we are compelled to reverse the summary judgment and remand the case for further proceeding.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES, ALMON, BEATTY, ADAMS and STEAGALL, JJ., concur.
HOUSTON, J., concurs in the result. *Page 953