I do not agree that Hackett has failed to make a prima facie showing that no genuine issue of material fact exists. I believe that the affidavits she submitted in support of her motion for summary judgment make such a prima facie showing, thereby shifting the burden to Clark to produce substantial evidence that there exists a genuine issue of material fact. The record reveals that Clark failed to meet this burden because he did not submit anything in opposition to Hackett's motion before the summary judgment was entered.
However, I would reverse the trial court's entry of summary judgment and remand this cause for a hearing on Hackett's motion for summary judgment, allowing Clark sufficient time to conduct discovery in order to obtain information needed to oppose Hackett's motion for summary judgment. The record reveals that the trial court did not notice, set, or hold a hearing on Hackett's motion for summary judgment. After Hackett filed her motion, Clark noticed depositions. Hackett filed an objection to the taking of the depositions, but the summary judgment was entered before a hearing was held on this discovery issue and before Clark was given an adequate opportunity to conduct discovery that was needed in order to oppose Hackett's motion for summary judgment. "A party is entitled to complete his or her discovery in order to be able to counter a motion for summary judgment." Tyler v. City ofEnterprise, 521 So.2d 951 (Ala. 1988).
Because I would reverse the trial court, but for a different reason, I concur in the result only.