On Application for Rehearing
The opinion of June 25, 1999, is withdrawn and the following is substituted therefor.
Mary Johnson sued Wal-Mart Stores, Inc., d/b/a Bud's Warehouse Outlet ("Wal-Mart"); and Josephine Key, an employee of Bud's Warehouse Outlet, alleging that Wal-Mart and Key were guilty of, among other things, fraud, false arrest, false imprisonment, malicious prosecution, and abuse of process. Wal-Mart and Key moved for a summary judgment on all of Johnson's claims; Johnson voluntarily dismissed her other claims, but opposed the summary judgment motion as it related to her fraud, false-arrest, false-imprisonment, malicious-prosecution, and abuse-of-process claims. The trial court entered a summary judgment for Wal-Mart and Key. Johnson appealed to the Alabama Supreme Court, which transferred the case to this court pursuant to Ala. Code 1975, §12-2-7(6). *Page 930 
We review a summary judgment de novo, and we apply on review of summary judgment the same standard the trial court applies when ruling on a summary-judgment motion. A motion for summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala.R.Civ.P. See West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871
(Ala. 1989), and Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794
(Ala. 1989), for further discussion of the application of the summary-judgment standard.
Wal-Mart accepted as payment a check written on Mary Johnson's account at First Tuskegee Bank. The check was returned to Wal-Mart marked "account closed." Wal-Mart notified Johnson via certified mail that the check had been dishonored, as it was required to do under Ala. Code 1975, § 13A-9-13.2. The notice was returned as unclaimed.
Mary Johnson's name and a post office box number are printed on the face of the check. Handwritten on the check are the name "Will Johnson, Jr.," Will Johnson, Jr.'s Social Security number, and Mary Johnson's street address. Will Johnson, Jr., is Mary Johnson's husband, and she argues that he forged her name on the check. She also argues that she informed Key and another employee of Wal-Mart that she did not write the check. Despite her claim that her husband forged the check, Johnson was charged with issuing a worthless negotiable instrument, a violation of Ala. Code 1975, § 13A-9-13.1. The case against her was nol-prossed by the district attorney on the day it was set for trial. She argues that Wal-Mart and Key knew that she was not guilty of writing a bad check, yet pursued her prosecution on worthless-check charges; thus, she argues, they are liable for fraud, false arrest, false imprisonment, malicious prosecution, and abuse of process.
Wal-Mart argues that Ala. Code 1975, § 13A-9-13.2(3), grants it immunity from civil liability in this case. That statute reads:
 "Any party holding a worthless negotiable instrument and giving notice in substantially similar form to that provided in subdivision (2) of this section shall be immune from civil or criminal liability for the giving of such notice and for proceeding under the forms of such notice."
(Emphasis added.)
When construing a statute, this court has as its goal to "ascertain and effectuate legislative intent as expressed in the statute." Alabama FarmBureau Mut. Cas. Ins. Co. v. City of Hartselle, 460 So.2d 1219, 1223
(Ala. 1984). "To ascertain that intent, the court must first focus its attention on the language of the [statute], and it must give effect to the intent clearly expressed therein if the language is unambiguous."City of Millbrook v. Tri-Community Water System, 692 So.2d 866, 867
(Ala.Civ.App. 1997) (citing Hartselle, 460 So.2d at 1223). "Words used in the statute must be given their natural, plain, ordinary, and commonly understood meaning." Hartselle, 460 So.2d at 1223.
The statute plainly grants civil immunity to a holder of a worthless negotiable instrument who gives appropriate notice and proceeds under the forms of that notice. The notice referred to in § 13A-9-13.2(3) informs the person whose name and address appear on the instrument, see
Ala. Code 1975, § 13A-9-13.2(1), that the instrument was dishonored and that, if certain conditions are not met, the holder of the instrument "may turn over the dishonored instrument and all other available information relating to this incident to the proper authorities for criminal prosecution." Ala. Code 1975, § 13A-9-13.2(2). The evidence in the record requires the conclusion that Wal-Mart provided the proper notice to Johnson. Therefore, we conclude that the statute provides Wal-Mart with immunity from civil prosecution. *Page 931 
OPINION OF JUNE 25, 1999, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION GRANTED; RULE 39(k) MOTION DENIED; AFFIRMED.
Yates, Monroe, Crawley, and Thompson, JJ., concur.
Robertson, P.J., concurs in the result.