PITTMAN, Judge.
This case is before us for a second time on appeal, from a complaint filed by Amy Asaro against Kmart, Inc., and Billie Stonecypher. For a procedural history and underlying facts of the case, see Kmart, Inc. v. Asaro, 751 So.2d 513 (Ala.Civ.App.1999). In that opinion, we reversed the trial court’s judgment and remanded the case for a new trial. The only claim in the complaint by Asaro to survive the appeal was the fraud count, which was scheduled for trial on December 4, 2000. At the conclusion of the testimony and evidence presented by Asaro, Kmart made a motion for a judgment as a matter of law. The motion challenged the sufficiency of Asa-ro’s evidence as to her fraud claim; it also presented the argument that under the Alabama Worthless Check Act, Ala.Code 1975, §§ 13A-9-13.1 through -13.3 (“the Act”), Kmart was immune from civil liability. After a hearing on the motion, the trial court ruled in favor of Kmart and Stonecypher, and dismissed the case. In its order, the trial court specifically noted that the motion was being granted pursuant to Johnson v. Wal-Mart, 769 So.2d 929 (Ala.Civ.App.1999). Asaro appeals the order of the trial court, contending that Kmart did not comply with the notice requirements of the Act and that the trial court’s ruling was based on an overly broad interpretation of Johnson.
A judgment as a matter of law[1] is proper (1) where the nonmoving party has failed to present substantial evidence regarding some element essential to his claim, or (2) where there is no disputed issue of fact upon which reasonable persons could differ. Rule 50(a), Ala. R. Civ. P.; Driver v. National Sec. Fire & Cas. Co., 658 So.2d 390, 392 (Ala.1995). Normally, at the close of the plaintiffs case, a defendant may file a motion for a judgment as a matter of law to test the sufficiency of the plaintiffs evidence. Also, at the close of all the evidence, a plaintiff may file a motion for a judgment as a matter of law to test the sufficiency of a defendant’s evidence as to any affirmative defense. Here, strangely, the defendant, Kmart, filed a motion for a judgment as a matter of law as to its own affirmative defense. Obviously it was not attempting to test the sufficiency of Asaro’s fraud claim by asserting its own affirmative defense. Therefore, we will review the trial court’s granting of the motion with particular emphasis on whether there was any disputed issue of fact upon which reasonable persons could have differed regarding Kmart’s affirmative defense under the Act.
In reviewing a ruling on a motion for a judgment as a matter of law, we view the evidence in the light most favorable to the nonmovant and we entertain such reasonable inferences as the jury would have been free to draw. Carter v. Henderson, 598 So.2d 1350 (Ala.1992). Regarding a question of law, however, we indulge no presumption of correctness as to the trial court’s ruling. Ricwil, Inc. v. S.L. Pappas & Co., 599 So.2d 1126 (Ala.1992).
At all relevant times, the Act provided, in pertinent part:[2]
*794 “[§ 13A-9-13.1](a) A person commits the crime of negotiating a worthless negotiable instrument if he negotiates or delivers a negotiable instrument for a thing of value and with the intent, knowledge or expectation that it will not be honored by the drawee.
“(b) For the purposes of this section, it is prima facie evidence that the maker or drawer intended, knew or expected that the instrument would not be honored if:
“(1) The maker or drawer had no account with the drawee at the time the negotiable instrument was negotiated or delivered, as determined according to Section 7-3-503(2); or
“(2) Payment was refused by the drawee for lack of funds, upon presentation within 30 days after delivery, and the maker or drawer shall not have paid the holder thereof the amount due thereon, together with a service charge of not more than $20.00, within 10 days after receiving written notice from the holder of the instrument that payment was refused upon such instrument, as provided in Section 13A-9-13.2; or
“(3) Notice that payment was refused is mailed by certified or registered mail and is returned undelivered to the sender, when such notice is mailed within a reasonable time after dishonor to the address printed on the instrument or given by the maker or drawer at the time of issuance of the instrument.”
“[§ 13A-9-13.2] For purposes of Section 13A-9-13.1:
“(1) Notice mailed by certified or registered mail, evidenced by return receipt, to the address printed on the instrument or given at the time of issuance shall be deemed sufficient and equivalent to notice having been received by the person making, drawing, uttering or delivering said instrument.
“(2) The form of notice shall be substantially as follows:
“‘This statutory notice is provided pursuant to Section 13A-9-13.2 of the Alabama Code. You are hereby notified that a check or instrument numbered ., apparently issued by you on . (date), drawn upon . (name of bank), and payable to ., has been dishonored. Pursuant to Alabama law, you have 10 days from receipt of this notice to tender payment of the full amount of such check or instrument plus a service charge of not more than $20.00, the total amount due being $ . Unless this amount is paid in full within the specified time above, the holder of such check or instrument may assume that you delivered the instrument with intent to defraud and may turn over the dishonored instrument and all other available information relating to this incident to the proper authorities for criminal prosecution.’
“(3) Any party holding a worthless negotiable instrument and giving notice in substantially similar form to that provided in subdivision (2) of this section shall be immune from civil or criminal liability for the giving of such notice and for proceeding under the forms of such notice.”
The record indicates that at the hearing on the motion for a judgment as a matter of law, the parties addressed whether notice under the statute had been provided to Asaro. There are two pieces of doeumen- *795 tary evidence pertaining to the notice requirement that were offered and admitted at trial. One was a photocopy of the outside of an envelope that bore Asaro’s name and address; the return address of the sender, Kmart; a label denoting that it had been sent certified mail; and handwritten notations that delivery had been attempted on January 9, 1991, and on January 14, 1999. The back of this same exhibit shows an unsigned return receipt for the piece of certified mail, indicating it was never delivered. There is no accompanying copy of the contents of the envelope. The other piece of documentary evidence was a photocopy of a form letter titled “dishonored check notice” and is substantially in the form contemplated by § 13A-9-13.2, Ala.Code 1975. It is dated March 18, 1991. There is no copy of an accompanying envelope.
Additionally, there was deposition testimony introduced concerning the two documents. The testimony concerning the envelope was by Stonecypher, and was as follows:
“[Attorney]: Okay, let me show you what’s been marked as Defendant’s Exhibit 1, and this is the—
“[Stonecypher]: It’s the certified letter. “[Attorney]: Is that your handwriting on that letter?
“[Stonecypher]: Yes, sir.
“[Attorney]: And is it directed to Mrs. Asaro?
“[Stonecypher]: Yes, sir.
“[Attorney]: Route 1, Box 308 D, Springville, Alabama?
“[Stonecypher]: Yes, sir.”
The testimony concerning the “dishonored check notice” was as follows:
“[Attorney]: All right. So, let me mark what is Plaintiffs Exhibit 14. Ms. Sto-necypher, I want to show you what’s been marked as Plaintiffs Exhibit 14 and 15. Do you recognize those documents?
“[Stonecypher]: Yes, sir.
“[Attorney]: Back on that first one, on 14, I believe that’s dated March 14, 1991?
“[Stonecypher]: Yes, sir.'
“[Attorney]: And that is a dishonored check notice you took to the district attorney’s office?
“[Stonecypher]: Yes, sir.
“[Attorney]: And as a result of that, they sent out a letter, or do you know? “[Stonecypher]: No, sir. I believe, if I’m not mistaken, this is that dishonored check notice that I mailed to myself from Kmart....
“[Attorney]: I’m going to show you what’s been marked as Plaintiffs Exhibit 14. Put your glasses on. All right. Now, in that letter, you’re talking about the certified letter?
“[Stonecypher]: I don’t believe this is— this is an honorary letter I wrote, I believe, after I called three times. Now, I can’t remember but I believe this is the letter I wrote trying that fourth time to get them in.”
Also, at a previous point in her testimony and with no particular exhibit in front of her, Stonecypher offered the following:
“[Attorney]: Okay. Let me ask you this: If you’re not able to collect the debt yourself for Kmart, is it Kmart’s policy to then go to the District Attorney’s office?
“[Stonecypher]: No, sir. We have steps we have to go by. If we get in a worthless check, I am suppose to make three phone calls to try to get in touch with them and contact them, and if they don’t respond to that, I send an honorary letter out.
“[Attorney]: Okay.
*796 “[Stonecypher]: And I don’t know if the honorary letter is the one with the certified letter or not. But if that certified letter goes on and they sign it, and send it back, I staple it with that check.... ”
At best this testimony in support of the documentary evidence is ambiguous. Sto-necypher never conclusively identifies a notice, in the proper form, as having been contained in the envelope, and she can testify only that the first time a proper, statutorily correct notice went out was in March 1991. Since the alleged fraud was committed in February 1991, the evidence of what was sent to whom, and on what date, is central to invoking the immunity afforded under the Act. This is clearly an issue of fact that would allow reasonable people to differ over the inference to be drawn therefrom; it should not have been removed from the jury’s consideration.
In summary, the trial court erred in granting Kmart’s motion for a judgment as a matter of law, and we therefore reverse the judgment of the trial court. We are remanding this case to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
YATES, P.J., and THOMPSON, J., concur.
CRAWLEY and MURDOCK, JJ„ concur in the result.

. Effective October 1, 1995, Rule 50, Ala. R. Civ. P., was amended, as a matter of form only, to rename a "motion for directed verdict” and a "motion for a judgment notwithstanding the verdict” as a "motion for judgment as a matter of law” and a "restated motion for a judgment as a matter of law,” respectively. The legal analysis remained unchanged.

. Sections 13A-9-13.1 through -13.3 were amended effective January 1, 1998. Because the events that are the basis of the original complaint here took place in 1991, in all instances in this opinion where we quote *794 from those Code sections, we are quoting the pre-1998 version.