PITTMAN, Judge,
concurring in the result.
I concur with the main opinion insofar as the court reverses the summary judgment. However, based upon the following argument, I believe further discovery is necessary before the trial court may entertain a motion for a summary judgment or may set a date for trial. The competing affidavits offered by Bruno’s and West raise a genuine issue of material fact: whether check number 1192 stamped “insufficient funds” and returned to Bruno’s, was in fact paid on August 24, 1999. If these funds were not paid, then Bruno’s is entitled to immunity under § 13A-9-13.2, Ala.Code 1975. If the funds were paid to the wrong account, then West or Bruno’s may have an action against the bank. Because the trial court granted Bruno’s summary-judgment motion before discovery was complete, this crucial fact is unrevealed.
Our supreme court has consistently stated that it is error for a trial court to enter a summary judgment before the party moving for the summary judgment has produced answers to interrogatories and any documents requested. See Parr v. Goodyear Tire & Rubber Co., 641 So.2d 769 (Ala.1994); Tyler v. City of Enterprise, 521 So.2d 951 (Ala.1988). The mere pen-dency of discovery does not bar a summary judgment; but the “burden is upon the non-moving party to comply with Rule 56(f) or to prove that the matter sought by discovery is or may be crucial to the non-moving party’s case.” Reeves v. Porter, 521 So.2d 963, 965 (Ala.1988). Although West did not file a Rule 56(f) affidavit, she argued the need to complete discovery in her opposition to Bruno’s motion for a summary judgment.
Before the trial court and on appeal, Bruno’s relied exclusively on the statutory interpretation of § 13A-9-13.2(3), as promulgated in Johnson v. Wal-Mart Stores, Inc., 769 So.2d 929 (Ala.Civ.App.2000). In Johnson this court held that the statute immunizes one whose conduct otherwise might constitute malicious prosecution. However, our supreme court recently overruled Johnson. See Wal-Mart Stores, Inc. v. Patterson, 816 So.2d 1 (Ala.2001). In Patterson, our supreme court found Johnson to be inapplicable where there is no evidence before the court that the holder of the instrument has complied with the other provisions of the Worthless Check Act. In order to use the immunity provisions, Bruno’s has a burden under Patterson to show the trial court that it has complied with all provisions of the statute.
If the appellate court can ascertain from the record that the matter subject to production, or the answers to the pending interrogatories, are crucial to the nonmov- *309 ing party’s case, “then it is error for the trial court to grant summary judgment before the items have been produced or the answers given.” Reeves v. Porter, 521 So.2d at 965 (Ala.1988); Williams v. Williams, 617 So.2d 1032, 1035-36 (Ala.1992). It is clear from our review of the record that Bruno’s bank records are needed to verify whether payment was indeed made. Production of these documents could resolve whether any genuine issue remains to be litigated by the parties. Therefore, I would reverse the summary judgment and remand the case to the trial court for the completion of discovery before any further proceedings.